UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FELIX SHELBY, JR.,<br><br>Defendant(s). | Case No. 2:17-CR-395 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Felix Shelby's motion for review of the magistrate judge's detention order as to defendant. (ECF No. 26). The government filed a response (ECF No. 36), to which defendant replied (ECF No. 38-1).

Also before the court is defendant's motion to file a reply brief. (ECF No. 38).

**I.  Facts**

On October 23, 2017, defendant, along with co-conspirators, participated in a robbery of 5 Star Tailor. (ECF No. 1). This robbery was at the request of one of the owners, Wendy Flores-Ramirez, *id.*, and was supposedly for the dual purpose of submitting a related insurance claim and obtaining a U-Visa, *see* (ECF No. 26). Flores-Ramirez informed defendant and the other conspirator that everyone in the store "knew what was going to take place." (ECF No. 1). When defendant and his co-conspirator entered the store, there were four others inside, one of whom was owner Carlos Agusto and three of whom were patrons. *Id.* During the robbery, one victim allegedly had a panic attack and had to be taken to the hospital and another victim reported being hit in the head with a firearm. *Id.*

On November 7, 2017, law enforcement officers arrested the individual who carried out the alleged robbery with defendant. *Id.* On November 28, 2017, after further investigation, law enforcement officials arrested defendant without incident. *Id.*

On November 30, 2017, defendant made his initial appearance as to a criminal complaint charging him with Hobbs Act Robbery and one count of brandishing a firearm in furtherance of a crime of violence. *Id.* At the hearing, Magistrate Judge Foley questioned whether all of the persons inside the store were aware of the plan, considering the allegations in the complaint of the panic attack and the victim being hit in the head with a firearm, *id.* Magistrate Judge Foley noted that defendant's criminal history, standing alone, did not warrant detention. *See* (ECF No. 26). However, given the allegedly violent nature of the robbery in the case, in conjunction with defendant's criminal history, Magistrate Judge Foley ordered defendant detained.[1] *See* (ECF No. 11).

Defendant filed a sealed motion to re-open detention hearing (ECF No. 15). On December 13, 2017, Magistrate Judge Foley held a hearing as to the motion. (ECF No. 17). At the hearing, the government presented video evidence of the alleged robbery. *See* (ECF No. 26). Magistrate Judge Foley noted that "it is not possible to tell one way or the other [from the video footage] whether the parties involved there are acting" or if they believe the robbery was genuine. *See id.* Magistrate Judge Foley held that defendant's circumstances had not changed enough to warrant reopening the detention hearing, and denied the motion. (ECF No. 17). Thereafter, defendant filed the instant motion.

**II.　Legal Standard**

District courts review magistrate judge orders of detention *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The court can either review the evidence presented to the magistrate judge and make its own independent determination or hear additional evidence and argument if it so chooses. *Id.* at 1193.

. . .

---

[1] Magistrate Judge Foley noted he would consider reopening the detention hearing if it came to light that everyone in the store knew of the plan. *See* (ECF No. 26).

- 2 -

## III. Discussion

### a. Motion for leave to file

As an initial matter, the court will address the motion for leave to reply. Defendant's motion demonstrates the need to file a reply brief to address the government's procedural and substantive arguments. (ECF No. 38). Good cause appearing, the court will grant defendant's motion.

### b. The government's response brief

Defendant notes in his reply that pursuant to Local Rule IB 3-5, the government's response to defendant's motion was due seven days after filing. (ECF No. 38-1). The government filed its response outside of this seven-day window. Defendant therefore requests the court decline to consider the government's response.

The government's response asserts that it intended to file the motion in a timely manner, but it was misled as to the due date by an erroneous CM/ECF auto-generated response date attached to the motion. (ECF No. 36). The government further highlights in its response the date on which defendant filed his motion (December 22, 2017–the Friday before the Christmas holiday weekend), and the fact that defense counsel did not reach out to the government regarding the erroneous auto-generated deadline and inquire as to whether the government would respond in a timely manner to defendant's motion. *Id.* The government asserts that these were intentional decisions on behalf of defense counsel with the desired outcome of being able to strike any responsive filing by the government as untimely. *Id.*

The court will consider the government's response. As an initial note, each party is singularly responsible for meeting its deadlines. Even assuming defense counsel was aware of the mistake and intentionally hid this knowledge from counsel for the government (which, importantly, is no more than an assumption here), this is not enough to warrant a delayed response to defendant's motion. However, given that the court will review this detention order without a hearing, it will entertain the government's arguments regarding detention via briefing.

. . .

. . .

*c. Defendant's motion*

In considering the substance of defendant's motion, the court holds that defendant's detention order in this case should be modified to allow for his release pending trial.

Pursuant to 18 U.S.C. § 3142(b), federal criminal defendants shall be "released on personal recognizance . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* 18 U.S.C. § 3142(c)(1) reads,

> If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .

*Id.*

Under 18 U.S.C. § 3142(g), courts must consider four factors when determining whether to release a defendant pending trial: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released. *Id.*

The government bears the burden of proving risk of dangerousness by clear and convincing evidence and flight by a preponderance of the evidence. *United States v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.2d 1088, 1090 (9th Cir. 2014) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

Here, the government has not met its burden of proving that defendant is a risk of danger to the community or is a flight risk. The government's primary argument that defendant poses a risk of danger on release is based on the danger defendant allegedly posed to victims while committing the crime detailed in the complaint and superseding indictment. (ECF No. 36). However, as defendant notes, the relevant inquiry is whether defendant will pose a risk of danger

James C. Mahan
U.S. District Judge

- 4 -

on release, not whether defendant's underlying crime posed a risk of danger to potential victims.[2] (ECF No. 26).

The government has not demonstrated that defendant will pose a risk of danger on release. In this case, there is a dispute as to whether defendant's offense conduct posed a substantial risk of danger to the victims at the 5 Star Tailor or whether those inside the store had knowledge of the allegedly fake heist. The victims may have not been aware of the allegedly staged nature of the robbery. However, what is most important to consideration of defendant's risk of future danger while on pre-trial release from custody is what defendant believed was happening at the robbery. Defendant thought everyone "knew what was going to take place," and that his actions would not harm anyone. Therefore, evidence regarding the robbery does not tend to support the government's position that defendant poses a substantial threat of danger of any person or the community if released from pre-trial custody.

On balance, the other § 3142 factors do not favor pre-trial detention. Defendant's motion notes his cooperation with police in divulging incriminating information to the authorities immediately upon arrest and assisting authorities with a monitored phone call with one of his co-conspirators. Defendant's cooperation with authorities suggests a low risk of immediate recidivism to criminal conduct that would pose a danger to a person or the community and a low flight risk.

Further, defendant's criminal history does contain four prior convictions within the last seven years (injury to property of another; trespass; allowing child abuse; domestic violence). However, these convictions do not suggest to the court that defendant will pose so substantial a threat to the community while on pre-trial release for the instant offense that the court cannot fashion conditions of release to comport with the mandates of 18 U.S.C. § 3142.

Finally, the weight of the evidence against defendant is substantial in this case. However, as this "is the least important of the various factors" and "may be considered only in terms of the

---

[2] Said another way, the danger defendant posed to potential victims during the commission of the underlying offense can inform the decision of whether defendant will pose a danger upon release, but it does not control the analysis.

James C. Mahan
U.S. District Judge

likelihood that the person will fail to appear of will pose a danger to any person in the community," *see* 18 U.S.C. § 3142(e), it does not sway the court's analysis.

IV. **Conclusion**

The court holds that defendant shall be released on personal recognizance (with the condition specified below), as the government has not carried its burden of proving that defendant poses a substantial threat to any person or the community upon release from incarceration or that defendant poses a substantial flight risk.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for review of magistrate judge's detention order (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant be released from custody on personal recognizance, with a special condition that he remain on home confinement subject to location monitoring.

IT IS FURTHER ORDERED that defendant's motion for leave to file a reply (ECF No. 38) be, and the same hereby is, GRANTED.

DATED January 11, 2018.

_____
UNITED STATES DISTRICT JUDGE