UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-395 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WENDY FLORES-RAMIREZ, et al., | |
| Defendant(s). | |

Presently before the court is defendant Felix Shelby, Jr.'s motion for reconsideration of Magistrate Judge Foley's restraint order.  (ECF No. 25).  The government has not filed a response, and the time for doing so has since passed.

A district judge "may reconsider any pretrial matter [adjudicated by the magistrate judge] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).  The district judge may "affirm, reverse or modify, in whole or in part, the ruling made by the magistrate judge."  LR IB 3-1(b). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after a review of the record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Silverman*, 861 F.2d 571, 576-77 (9th Cir.1998).

Defendant cites *United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017) for the proposition that a defendant must be free from restraint unless there is "evidence of disruptive courtroom behavior, attempts to escape from custody, assaults, or attempted assaults while in custody, or a pattern of defiant behavior toward correction officials and judicial authorities." (ECF No. 25).

On May 14, 2018, the United States Supreme Court vacated the judgment of the Ninth Circuit in *Sanchez-Gomez* and remanded the case with instructions to dismiss as moot. As defendant's argument relies exclusively on the now-vacated *Sanchez-Gomez* decision, the court will deny defendant's motion.[1]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 25) be, and the same hereby is, DENIED.

DATED July 2, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Further, Magistrate Judge Foley's order demonstrates that he considered defendant's individual circumstances, including his criminal history, when determining the appropriate level of courtroom restraints. *See* (ECF Nos. 4, 7).

James C. Mahan
U.S. District Judge